IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARLOS LINDSEY,

              Plaintiff,

v.

JOHNSTON, PRIMMER, FEDIE, YANKSI,
FISCHER, and CAPT. PRIMMER,

              Defendants.

OPINION and ORDER

18-cv-398-jdp[1]

---

Pro se plaintiff Carlos Lindsey, an inmate at Wisconsin Secure Program Facility, has filed a motion in this case and three others asking me to recuse myself from those cases and any future cases he files in this court. Dkt. 54. Lindsey has not identified any valid ground for questioning my impartiality, so I will deny his motion.

Recusal is required if a reasonable person could believe that I cannot judge Lindsey's cases fairly. 28 U.S.C. § 455(b)(1); *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009). Lindsey says that I should recuse myself for three reasons. First, he says that the sanction I imposed against him in this case, Dkt. 47, unlawfully imposed strikes on him for reasons unauthorized by 28 U.S.C. § 1915(g). But Lindsey is mistaken, as I imposed no strikes in sanctioning him. Lindsey had filed fraudulent documents in another case, and I sanctioned him not under § 1915(g) but under my inherent power to sanction a litigant who "has willfully abused the judicial process," *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009). I barred Lindsey from filing a lawsuit in this court unless it is a habeas petition or unless

---

[1] I have provided the caption for only the '398 case. The clerk of court is directed to also docket this order in Case Nos. 19-cv-180, 19-cv-885, and 19-cv-904.

he alleges that he is in imminent danger of serious physical harm. I also dismissed this case and his other pending cases, but I did not impose any strikes against him in dismissing those cases. *See* Dkt. 47. As I noted in another case Lindsey filed in this court, he has incurred a total of three strikes, two of them in the Eastern District of Wisconsin and one of them in this court in November 2019. *See Lindsey v. Boughton*, No. 19-cv-885, Dkt. 20, at 1 (W.D. Wis. Dec. 10, 2019). None of these strikes are from the cases I dismissed in sanctioning Lindsey.

Second, Lindsey says that I dismissed three of his cases (the other three cases in which he moves for recusal) without cause. I have already thoroughly explained my reasons for dismissing those cases. *See Lindsey v. Waterman*, No. 19-cv-180, Dkt. 3 and Dkt. 8 (W.D. Wis. Aug. 27, 2019 and Dec. 3, 2019); *Lindsey v. Boughton*, No. 19-cv-885, Dkt. 12 (W.D. Wis. Nov. 12, 2019); *Lindsey v. Hoem*, No. 19-cv-904, Dkt. 9 (W.D. Wis. Nov. 13, 2019). "[J]udicial rulings rarely present a valid basis for a recusal motion," *Collins*, 554 F.3d at 697, and Lindsey identifies nothing in my rulings showing that I dismissed these cases because of bias.

Third, Lindsey says that because I imposed a strike against him in dismissing the '180 case in December 2019 but not in dismissing the '885 and '904 cases the previous month, it shows that I am retaliating against him for filing his motion for reconsideration in this case. This is incorrect. Section 1915(g) provides that a strike may be issued only if a prisoner's action is "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." I dismissed the '885 and '904 cases under the terms of Lindsey's filing bar, which is not a ground for imposing a strike under § 1915(g). But I dismissed the '180 case for failure to state a claim, so I imposed a strike as required by the statute.

None of Lindsey's arguments require me to recuse myself. Accordingly, I will deny his motion for recusal. Lindsey also has a pending motion for reconsideration in this case, Dkt. 49, which I will address in a separate order.

ORDER

IT IS ORDERED that plaintiff Carlos Lindsey's motion for recusal, Dkt. 54 in this case; Dkt. 21 in Case No. 19-cv-180; Dkt. 23 in Case No. 19-cv-885; and Dkt. 24 in Case No. 19-cv-904; are DENIED.

Entered January 10, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge