IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARLOS LINDSEY,

               Plaintiff,

v.

JOHNSTON, PRIMMER, FEDIE, YANKSI,
FISCHER, and CAPT. PRIMMER,

               Defendants.

OPINION and ORDER

18-cv-398-jdp

---

Pro se plaintiff Carlos Lindsey, an inmate at Wisconsin Secure Program Facility, asks me to reconsider a filing bar I imposed on him in this case. Dkt. 49. I imposed this filing bar as a sanction against Lindsey because, in another case in this court, *Wells v. Govier*, No. 18-cv-693 (W.D. Wis.), Lindsey filed a complaint in the name of a fellow inmate, Theraron Wells, without Wells's authorization and later forged a letter in Wells's name trying to dismiss the case. Dkt. 47. Under the terms of Lindsey's filing bar, Lindsey cannot file a new lawsuit in this court unless it is a habeas corpus petition or unless he alleges that he is in imminent danger of serious physical harm. I also dismissed this case and Lindsey's other pending cases as a further sanction.

Lindsey asks me to reconsider this sanction under Federal Rule of Civil Procedure 60(a), under which I may correct mistakes in a prior order. A district judge has the power to impose sanctions on a litigant who "has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009). Lindsey says that my sanction was an abuse of power because it imposed two strikes against him under 28 U.S.C. § 1915(g). But as I explained in my order denying his motion for recusal, I did not impose any strikes against Lindsey in issuing this sanction. *See* Dkt. 55, at 1–2.

Lindsey says that I committed another error in issuing my sanction when I said that he had filed a false affidavit in a previous case in the Eastern District of Wisconsin, *Lindsey v. Hoem*, No. 16-cv-43, Dkt. 47 (E.D. Wis. Sept. 7, 2016). He says he filed a fabricated health service request slip in that case, not a false affidavit. Even if Lindsey's statement were true, he doesn't contest that he filed a fraudulent document in that case, which was why I considered his conduct in that case in issuing my sanction. But Lindsey did fabricate an affidavit in that case. *See id.* at *1 ("Lindsey . . . admits that he fabricated the affidavit."). So Lindsey has not identified an error.

Lindsey also contends that I should have taken notice of the fact that he admitted wrongdoing in his case in the Eastern District. But he did so only after being caught in his lie by the court. *See id.* And the fact that he later filed two fraudulent documents in the *Wells* case shows that he wasn't deterred by being caught in the Eastern District.

It also appears that Lindsey's misconduct may have continued in the *Wells* case despite my sanction. Wells says that Lindsey drafted and signed a fraudulent declaration in the name of a correctional officer in that case. *See Wells v. Govier*, No. 18-cv-693, 2019 WL 7281935, at *1 (W.D. Wis. Dec. 27, 2019). Wells also says that Lindsey attempted to file a second fraudulent dismissal letter in Wells's name. *See Wells v. Govier*, No. 18-cv-693, Dkt. 102 (W.D. Wis. Jan. 6., 2020). But I need not investigate the truth of these allegations. Even without this apparent misconduct, I would not lift my sanction against Lindsey because he has not identified any errors in my order imposing the sanction. Accordingly, I will deny Lindsey's motion.

ORDER

IT IS ORDERED that plaintiff Carlos Lindsey's motion for reconsideration, Dkt. 49, is DENIED.

Entered January 10, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge